## TYLER *v.* WEBSTER.

The condition of a bond recited the conveyance by the obligee of a lot of land to the obligor, and bound the latter, when the obligee or his representatives should extinguish a certain outstanding title, to convey to him a certain other lot of land, but without fixing any time for either :—*Held*, that the condition precedent must be performed in a reasonable time ; and what was a reasonable time was a question, of fact for the jury.

THIS was an action of debt on a bond.　The writ was dated December 8, 1855.　The plea was *non est factum*, with a brief statement of the defense, and with the bond was made part of the case.

For several years previous to October 25, 1834, Rufus Brockway had been in possession of certain lands in Indian Stream Territory (now Pittsburg), and by deed of that date he conveyed the same to

David Tyler and Amos Tyler, an undivided half to each. Amos Tyler conveyed his half to Daniel Whipple; and Daniel Whipple conveyed the same to the plaintiff, and for a long period of time previous to 1837 David Tyler and the plaintiff occupied said lands together. David Tyler left the land and went to live at Piermont about the year 1835, and he conveyed his title in and to the lands to the town of Piermont by deed dated March 15, 1837, which deed contains a proper description of the land.

The town of Piermont, by their agent, Moses Learned, took possession of the land and leased it, as appears by said Learned's deposition. The plaintiff conveyed the land to the defendant by deed dated October 1, 1840.

The defendant sold his interest in about half in value of said lands, and conveyed the same by quitclaim deed to Ira C. Bowen by deed dated April 1, 1843. Said Bowen gave the defendant a mortgage of the same date to secure the purchase money. The defendant by deed dated May 13, 1843, conveyed about half in value (being the rest of the lands) to Israel W. Tyler.

Eri Whipple paid the mortgage of said Bowen to the defendant, and the defendant gave said Eri Whipple a quitclaim of the land, dated July 31, 1846, and delivered said Bowen's notes to said Whipple. While said Bowen held title to said land, he procured a deed from the town of Piermont, dated November 27, 1844, and to secure said town for the purchase money gave notes of $25 each which were secured by a mortgage of said lands to said town.

As a consideration for the plaintiff's deed aforesaid, the defendant gave the bond in suit, and also conveyed to the plaintiff his (the defendant's) interest in a certain lot of land in Compton, in Canada, called a Clergy lot.

Upon the giving of the bond the plaintiff entered into possession of the lot of land in Compton, therein described, and occupied and had the possession and use of it for about ten years, but he had left it before the defendant conveyed it as hereafter mentioned. The deposition of Ira C. Bowen, so far as pertinent to this case, was to be taken as true and may be referred to, and it was agreed, for the purpose of the case, that the request therein mentioned made by said Webster as to the removal of the claim of Piermont was made two or three days before the defendant conveyed the land in Compton as heretofore stated.

The defendant, for the consideration of one hundred pounds ($400), by deed dated May 15, 1854, conveyed the lot in Compton, mentioned in the bond, to Richard Baldwin.

Eri Whipple paid the town of Piermont forty dollars for said mortgage and notes of Bowen about the year 1848, and took a delivery or assignment of them.

The plaintiff, seven years prior to the spring of 1861, paid said Whipple $24 toward said $40, and promised to pay the balance at some time.

The condition of the bond recited the conveyance by the obligee of a lot of land in Indian Stream, now Pittsburg, to the obligor, and bound the latter and his representatives to convey another lot

of land in Compton, Canada East, to the obligee, when he should extinguish the title of the town of Piermont to the Pittsburg land.

The case came up on an agreed statement of facts, with liberty to refer to certain depositions, and with provision for a trial by jury if desired by either party.

*Burns & Fletcher*, for the plaintiff.

*Williams*, and *Heywood*, for the defendant.

BELLOWS, J.  For several years prior to March 15, 1837, the plaintiff and David Tyler claimed and occupied together a tract of land in Indian Stream Territory, now Pittsburg, and on that day David Tyler conveyed his half of it to the town of Piermont, which took possession by its agent, Moses Learned.  On the first day of October, 1840, the plaintiff conveyed the entire tract to the defendant, Webster, who, in consideration thereof, conveyed his interest in a lot of land in Compton, known as the Clergy lot, to the plaintiff, and also gave him the bond in question, which, after reciting the conveyance of the Pittsburg land, bound the defendant to convey to the plaintiff another lot of land in Compton, upon the plaintiff's extinguishing the title of the town of Piermont to the Pittsburg tract.

On the first day of April, 1843, the defendant sold and conveyed about one half of this Pittsburg land to one Bowen, who mortgaged it back to secure the payment of the price, and on the thirteenth day of May, 1843, he conveyed the other half to Israel W. Tyler. And it appeared that two or three days before the defendant conveyed to Bowen as aforesaid, he called upon the plaintiff and informed him that he was about to sell to Bowen, and requested him to settle the Piermont claim ; but the plaintiff declined to do so, and said he did not consider the bond and writings between them worth any thing.

It appeared, also, that the plaintiff entered upon the Compton lot embraced in the bond, at the time it was given, and occupied it, and had the use of it about three years, and then left it, and afterward, on the fifteenth day of May, 1854, the defendant sold it to one Baldwin for $400.

The mortgage back given by Bowen was paid to the defendant by Eri Whipple, who received from him the notes and mortgage and a quitclaim deed dated July 31, 1846, and while Bowen held the land he obtained a conveyance of the interest of the town of Piermont, by a deed dated November 27, 1844, for fifty dollars, which he secured by notes and a mortgage of land in Pittsburg. And it appeared that said Whipple paid the town of Piermont forty dollars for Bowen's said notes and mortgage, and took an assignment of them, about the year 1848, and that in the spring of 1854 the plaintiff paid to Eri Whipple $24, toward the $40, and promised to pay the balance at the same time.

As the result of this statement it seems that the plaintiff has never extinguished the Piermont title, but it was done by the

defendant's grantee in 1848, and in 1854 the plaintiff paid him a part of the cost of doing it and promised to pay the rest.

Under these circumstances the plaintiff contends that the defendant's obligation to convey the Compton land still remains, and that having disabled himself by a conveyance to another to perform the condition of the bond, the plaintiff is excused from the condition precedent and may at once maintain a suit.

But it is said on the other side, that the plaintiff was bound to extinguish the Piermont title in a reasonable time, and that having refused to do it on request before the defendant's conveyance to Bowen, two years and a half after the contract between the parties, the defendant was fully exonerated from all further obligation.

There would seem to be no doubt on the authorities that the condition precedent must be performed in a reasonable time. In Roll. Abr. 14, it is laid down that if a man promise another, in consideration that he will assign to him a certain term to pay him ten pounds, this is a good assumpsit; though the time of the assignment and the payment be not appointed, for the ten pounds shall be paid in a convenient and reasonable time after the assignment, which also must be made within a reasonable time after the agreement. So it is held in the case of a promise to pay the debt of another if he fail to pay it himself. 1 Roll. Abr. 15; Com. on Cont. 4. In *Morse* v. *Bellows*, 7 N. H. 549, the same principle was applied to a promise to pay if the plaintiff would procure the assignment of certain bonds, but without fixing any time for such assignment. In *Doe* v. *Thompson*, 22 N. H. 217, the contract was to pay a sum of money on condition that no arrangement was made to purchase a certain mortgage; and it was held that the money was payable, if no arrangement was made in a reasonable time, and that after the lapse of a reasonable time the statute of limitations began to run. Such is also the doctrine of *Tafts* v. *Hayes*, 31 N. H. 138.

In the case before us, the plaintiff had conveyed to the defendant a tract of land, to one half of which only he had title; the title to the other half being in the town of Piermont. In payment, the defendant had conveyed to the plaintiff one lot of land in Compton, and agreed to convey another lot when the plaintiff should extinguish the Piermont title. By this conveyance of the plaintiff, the defendant obtained a title to one half the land only, and the plaintiff was bound, in a reasonable time, to obtain the Piermont title to the other. What shall be regarded as a reasonable time, is in this case a question of fact for the jury, under the instructions of the court, and it is to be determined by a consideration of all the circumstances of the case, the nature of the contract, and what was conveyed, the character of the title to be extinguished, and the time required to do it, the occupation of the lands on both sides, the inconvenience caused by the delay, and whether or not it caused any change of circumstances on the part of the defendant. All these circumstances, with others of a like nature, are to be weighed in determining whether, according to the ordinary course of dealing, a reasonable time has elapsed without a performance of the condition precedent.

It is quite obvious that this is a case which falls within no rule by which the law itself determines what shall be a reasonable time ; nor is there any decisive incident or view of public policy that would afford any ground for such a rule. On the contrary, each case of the kind must be determined upon its own circumstances ; and if attempted to be done by the court, must be decided as a question of fact, and without the aid of any rule of general application as to time.

In many cases it has been held that questions of reasonable time and the like are, when the facts are ascertained by demurrer or special verdict, to be decided by the court, and this view is countenanced by a large number of the earlier cases in respect to what shall be deemed a reasonable fine upon the renewal of a copyhold estate. But it will be found that the courts were governed in those cases, in the absence of any custom, by rules of general application, founded upon the improved value of the land, at one period fixing it at one year's value, and at another at two years' value. See Dougl. 724, and note. On the other hand, it is held in many cases that reasonable time and the like are questions of fact for the jury.

We are inclined, however, to hold that neither view is wholly correct, but that in some cases the question of reasonable time, diligence, &c., is one of law, and in others of fact. Examples of the former may be found in the notice of the dishonor of bills of exchange or promissory notes, growing out of the custom of merchants, and also in the inference of malice from acts for which there is no legal justification. On the other hand, when the circumstances are so numerous and complicated, or the nature of the case is such as to exclude the application of any general principle or definite rule of law, a further inference is necessarily one of fact, to be made by the jury.

What is reasonable time, then, in this case, we hold to be a question of fact for the jury, and in this we are sustained both by principle and authority. *Odlin* v. *Herbert*, 40 N. H. 267 ; Stark. Ev., 3d part, 406–429, and cases cited ; 1 Greenl. Ev. (9th Ed.) sec. 49, 69, 70, note ; and numerous English cases in point.

If the court were authorized by agreement of parties to decide this question of fact, it would hesitate to find that, after the lapse of two and a half years, the refusal of the plaintiff, on request, to extinguish the Piermont title, and the sale by the defendant of his interest in the land, a reasonable time had not elapsed; unless there was proof of waiver of time by permitting a continued occupation of the Compton lot, receiving a part of the price of extinguishing the Piermont title, or otherwise. Under the circumstances, however, we are not disposed to form or express any opinion on this point, especially as provision is made for a trial by the appropriate tribunal, and it is quite obvious that there may be material facts not stated in the agreed case.

It being decided, then, that it was the duty of the plaintiff to perform the condition precedent in a reasonable time, which is the principal question of law between the parties, the case must be discharged and a trial had by the jury.

*Case discharged.*